JOURNAL ENTRY and OPINION
{¶ 1} Van Echols appeals the imposition of consecutive sentences in two cases following his guilty pleas to possession of cocaine and possession of criminal tools in Case No. 415189 and to promoting prostitution in Case No. 418093. At sentencing, the court, in accord with its representations to Echols at the time of his plea, terminated his probation in Case No. 399468, imposed two concurrent six month terms of incarceration in Case No. 415189, and imposed an additional six month sentence in Case No. 418093, consecutive with the sentence in Case No. 415189. On appeal, he argues the trial court erred in imposing consecutive sentences, and the state concedes the court failed to make the mandatory finding to justify the consecutive sentences. Accordingly, we sustain Echols' assignment of error, vacate the sentence, and remand the matter for resentencing.
 {¶ 2} The sole assignment of error states:
 {¶ 3} "VAN ECHOLS HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE CONSECUTIVE SENTENCES IMPOSED ON HIM AS SAID SENTENCES DO NOT COMPORT WITH OHIO'S NEW SENTENCING STRUCTURE."
 {¶ 4} Echols argues that the court failed to make the necessary findings and give the required reasons when it sentenced him to consecutive sentences. The state agrees.
 {¶ 5} When a court imposes consecutive sentences, it must look to R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2). R.C. 2929.14(E)(4) sets forth the factors for imposition of consecutive or multiple prison terms and provides:
 {¶ 6} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *."
 {¶ 7} Further, the trial court is required to find that the offender's behavior fits into one of the categories listed in R.C.2929.14(E)(4)(a), (b), or (c), that the offenses had been committed
 {¶ 8} awaiting trial or sentence, or the harm caused is so great that no single term adequately reflects the seriousness of the offender's conduct or that consecutive sentences are necessary to protect the public from future crime. In addition, the trial court must give its reason for imposing consecutive sentences. See R.C. 2929.19(B)(2).
 {¶ 9} Thus, a court may impose consecutive sentences only if it finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; also the court must make additional findings, as outlined above.
 {¶ 10} Here, the court at sentencing made these statements:
 {¶ 11} "I'm going to find you to be a probation violator, Mr. Echols, in 399468, and terminate probation in that docket, so that you'll go down on two numbers instead of three.
 {¶ 12} "And in 415189, as to count one and two, I'm going to sentence you to six months concurrent with one another.
 {¶ 13} "In 418093, six months, consecutive to the days in 415189. Order that sentence into execution — sentences into execution immediately, and an eight-month driver's license suspension. Credit for time served.
 {¶ 14} "When you are released, Mr. Echols, make sure you know what your status is regarding post-release control. We have no clue how the Parole Board determines who is or is not on post-release control. If you are on post-release control, make sure you know whether there are conditions attached, because if you violate any of the conditions that might be attached to post-release control, you could face additional consequences up to and including re-indictment and/or re-incarceration.
 {¶ 15} "Additionally, in light of your no contest pleas, I have to notify you that you have the right to an appeal. If you are unable to pay the costs of an appeal, you have the right to appeal without payment. If you are unable to obtain counsel for an appeal, counsel will be appointed without cost. If you are unable to pay for the documents necessary for an appeal, those documents will be provided without cost. And you certainly have a right to have a notice of appeal timely filed on your behalf. I'll appoint the Public Defender."
 {¶ 16} This record reflects that the court failed to make the necessary findings before imposing consecutive sentences. Accordingly, we vacate the sentence and remand the matter for resentencing.
 {¶ 17} Sentence vacated. Matter remanded for further proceedings in accordance with this opinion.
 {¶ 18} The sentence is vacated, and this cause is remanded for resentencing.
 {¶ 19} It is ordered that appellant recover of appellee his costs herein taxed.
 {¶ 20} It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 {¶ 21} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 KEYWORDS SUMMARY
consecutive sentences, necessary findings before imposing consecutive sentences, R.C. 2929.19(B)(2), R.C. 2929.14(E)(4)(a), (b) or (c), necessary to protect, not disproportionate